

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 19, 2013

The Honorable John J. Carona
Chair, Committee on Business & Commerce
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0990

Re: Whether an economic development corporation may provide health benefits to its employees through a risk pool established under chapter 172, Local Government Code (RQ-1084-GA)

Dear Senator Carona:

You seek our opinion on the question of whether an economic development corporation may provide employee benefits for its employees through a risk pool established under Chapter 172 of the Local Government Code.[1] Subsection 172.004(a) provides that "[a] political subdivision or a group of political subdivisions pursuant to The Interlocal Cooperation Act[2] . . . directly or through a risk pool may provide health and accident coverage for political subdivision officials, employees, and retirees, . . . and employees of affiliated service contractors."[3] TEX. LOC. GOV'T CODE ANN. § 172.004(a) (West 2008) (footnote added); *see* *id.* §§ 172.004(b) (listing types of coverage that may be provided); 172.005 (authorizing political subdivisions to establish a risk pool). You state that under this section, "employers that join a risk pool must be either a political subdivision or an affiliated [service] contractor." Request Letter at 2. Because an economic development corporation is not a political subdivision, you suggest that an economic development corporation may not participate in a risk pool. *See id.* at

---

[1]Letter from Honorable John J. Carona, Chair, Bus. & Commerce Comm., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Sept. 19, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]The Interlocal Cooperation Act is found in chapter 791 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 791.001–.035 (West 2012). Its stated purpose is to "increase efficiency and effectiveness of local governments by authorizing them to contract, to the greatest possible extent, with one another and with agencies of the state." *Id.* § 791.001.

[3]An "affiliated service contractor" is "an organization qualified for exemption under Section 501(c), Internal Revenue Code (26 U.S.C. Section 501(c)), as amended, that provides governmental or quasi-governmental services on behalf of a political subdivision and derives more than 25 percent of its gross revenues from grants or funding from the political subdivision." TEX. LOC. GOV'T CODE ANN. § 172.003(1) (West Supp. 2012). There is no question that an economic development corporation satisfying the definition of affiliated service contractor may participate in a risk pool as allowed under section 172.004. The question of whether any particular economic development corporation is an affiliated service contractor is a fact question inappropriate to the attorney general opinion process. *See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 3.

1–2; *see also* TEX. LOC. GOV'T CODE ANN. §§ 501.055(b) (West Supp. 2012) (providing that an economic development corporation is not a political subdivision); 501.002(5) (defining the term corporation).

Your request letter also points out that an economic development corporation's authority to participate in a risk pool may be affected by Local Government Code section 501.067, which provides as follows:

> Notwithstanding any law to the contrary and with the consent of the [economic development] corporation's authorizing unit, a corporation may obtain . . . health benefits coverage, liability coverage, workers' compensation coverage, and property coverage under the authorizing unit's insurance policies, through self-funded coverage, or under coverage provided under an interlocal agreement with a political subdivision . . . .

TEX. LOC. GOV'T CODE ANN. § 501.067(a)(1) (West Supp. 2012); *see* Request Letter at 1–2. Under section 501.067, an economic development corporation is expressly authorized to obtain health benefits coverage for its employees. *Id.* Section 501.067 enumerates three methods by which the economic development corporation may obtain these employee benefits. *See id.* To the extent that any of the three health coverage methods include the possibility of an economic development corporation securing employee benefits through a risk pool, you suggest that the arrangement may be prohibited by section 172.004. *See* Request Letter at 1–2.

As we consider the relationship between these statutory provisions, we are mindful that the court's primary objective in construing statutes "is to ascertain and give effect to the Legislature's intent." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Like the courts, we begin with the plain language of the statute and apply its common meaning. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). In addition, we seek to reconcile and harmonize statutory provisions, if it is reasonably possible, so that every legislative enactment may be given effect. *See* TEX. GOV'T CODE ANN. § 311.021(2) (West 2005) ("In enacting a statute, it is presumed that . . . the entire statute is intended to be effective[.]"); *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) ("Generally, courts are to construe statutes so as to harmonize with other relevant laws, if possible.").

We do not agree that section 172.004 is an impediment to section 501.067. Indeed, section 501.067 applies "[n]otwithstanding any law to the contrary." TEX. LOC. GOV'T CODE ANN. § 501.067(a) (West Supp. 2012). Thus, to any extent that section 172.004(a) is contrary to section 501.067, it is expressly superseded by the plain language of section 501.067. *See State v. Mid-South Pavers, Inc.*, 246 S.W.3d 711, 721–22 (Tex. App.—Austin 2007, pet. denied) (describing the phrase "notwithstanding any law to the contrary" as indicative of legislative intent that the section in question is to supersede other Texas law regarding same subject).

Further, section 501.067 is the later-enacted provision.[4] TEX. GOV'T CODE ANN. § 311.025(a) (West 2005) (providing that "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails"); *see Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 297 (Tex. 2011) (utilizing rule to resolve statutory conflict).

Thus, sections 172.004 and 501.067 may be harmonized so that both are effective. Under section 172.004, an economic development corporation is not expressly authorized to *directly* obtain benefits for its employees through a risk pool. However, section 501.067 permits an economic development corporation to participate in a risk pool, and section 172.004 does not stand as a bar to such an arrangement. We conclude that to the extent permitted by section 501.067, an economic development corporation may obtain benefits for its employees through a risk pool.

---

[4]Section 501.067 was originally added to Texas statutes in 1999 as an amendment to section 5190.6 of the Revised Civil Statutes. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1425, § 1, 1999 Tex. Gen. Laws 4864, 4865. It was codified as part of the Local Government Code in 2007. *See* Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 3.01, 2007 Tex. Gen. Laws 1905, 2092. Section 172.004 was originally added to the Local Government Code in 1989. *See* Act of May 16, 1989, 71st Leg., R.S., ch. 1067, § 1, 1989 Tex. Gen. Laws 4316, 4317.

## S U M M A R Y

To the extent permitted by section 501.067 of the Local Government Code, an economic development corporation may obtain health benefits for its employees through a risk pool.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee